**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEXTER D. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-667-PLC |
| | ) |
| MICHAEL HINES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Dexter D. Lewis, an inmate at the Ste. Genevieve Detention Center, for leave to commence this civil action without prepaying fees or costs. The Court grants the motion and assesses an initial partial filing fee of $10.43. Additionally, the Court dismisses the Complaint in part, issues process as to defendant Michael Hines in his individual capacity, and denies without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement containing information about his account from March 16, 2023 through May 9, 2023. According to the statement, Plaintiff's average monthly deposit is $52.16 and his average monthly balance is $39.06. The Court therefore assesses an initial partial filing fee of $10.43, or twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against the St. Louis Metropolitan Police Department and a police officer named Michael Hines. Plaintiff identifies Hines's employer as the St. Louis Metropolitan Police Department, and sues him in his individual and official capacity. Plaintiff can be understood to claim that Hines used excessive force against him, in violation of his Fourth Amendment rights, during an encounter on January 28, 2023 at "5958 Etzel." (ECF No. 1 at 4). In support, Plaintiff alleges as follows.

While Plaintiff was running, Hines tackled him to the ground. At that point, Plaintiff stopped resisting. Hines handcuffed Plaintiff and then "started kneeing me in the face my left eye as well as my body." *Id.* Hines "failed to stop assaulting me while I was in handcuffs the

3

situation was under control no resisting was occur[r]ing excessive force." *Id.* (emphasis in original).

Plaintiff claims he suffered eye bruising, cuts, bleeding, and headache. He also claims he suffered psychological injury. He seeks $1 million in damages and other relief.

## Discussion

Plaintiff has named the St. Louis Metropolitan Police Department as a defendant. However, the Eighth Circuit Court of Appeals has determined that police departments are not entities that are subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Therefore, the St. Louis Metropolitan Police Department will be dismissed from this action.

Plaintiff's official-capacity claims against Officer Hines will also be dismissed. These claims are the equivalent of claims against Hines's employer, the St. Louis Metropolitan Police Department. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As noted above, that entity is not one that is subject to suit under 42 U.S.C. § 1983. *See Ketchum,* 974 F.2d at 82. Even if Plaintiff had named the municipality as a defendant, the Complaint would not state a claim of municipal liability because it contains no facts that would establish such a claim. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The Court now addresses Plaintiff's individual capacity claims against Hines. These claims arise under the Fourth Amendment, which "protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive requires a determination of whether the defendant officer's actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

In this case, Plaintiff alleges that after he was handcuffed and had stopped resisting, Hines started kneeing him "in the face my left eye as well as my body." (ECF No. 1 at 4). Additionally, Plaintiff can be understood to allege that Hines did not stop that allegedly wrongful conduct even though Plaintiff remained handcuffed and did not resist. Having read the Complaint as a whole and liberally construed Plaintiff's allegations, the Court finds that Plaintiff has stated a plausible Fourth Amendment claim against Hines in his individual capacity. The Court will therefore require Hines to respond to the Complaint.

Plaintiff has also filed a motion to appoint counsel. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of

conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $10.43.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the St. Louis Metropolitan Police Department is **DISMISSED** from this action, without prejudice.  A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against defendant Michael Hines are **DISMISSED** without prejudice.  A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the Complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to defendant Michael Hines in his individual capacity.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of September, 2023.